## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 08CV2576 |
| ) | |
| RAFAEL GUZMAN, individually and ) | |
| d/b/a EL ENCANTO MICHOACANO and ) | |
| EL ENCANTO MICHOACANO, ) | |
| ) | |
| Defendants. ) | |

### ANSWER TO COMPLAINT

NOW COME the Defendants, RAFAEL GUZMAN, individually, and El Encanto Michoacano, Inc. (Improperly sued as a d/b/a El Encanto Michacano), by and through its attorney's TGC Partners and for their Answer to the Plaintiff's Complaint state as follows;

1. Jurisdiction is founded on the existence of a question arising under particular statutes. This action is brought pursuant to several federal statutes, including the Communications Act of 1934, as amended, 47 U.S.C 605, et seq., and the Cable and Television Consumer Protection and Competition Act of 1992, as amended, 47 U.S Section 553, et seq.

**ANSWER:** The Defendants admit only that this action was brought by the Plaintiff pursuant to several federal statutes, including the Communications Act of 1934, as amended, 47 U.S.C. 605 et. seq., and the Cable Television Consumer Protection and Competition Act of 1992, as amended, 47 U.S. Section 553, et. seq.

2. This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. Section 1331, which states that the district courts shall have jurisdiction of all civil actions arising under the Construction, laws or treaties of the United States.

**ANSWER:** The Defendants admit the allegations contained within paragraph 2 of the Plaintiff's Complaint.

3. This Court has personal jurisdiction over the parties in this action as a result of the Defendants wrongful acts hereinafter complaint of which violated the Plaintiff's rights as the exclusive commercial distributor of the televised fight program hereinafter set forth at length. The Defendants wrongful acts consisted of the interception and tortuous conversion of said property of Plaintiff's within the control of the Plaintiff's in the State of Illinois.

**ANSWER:** The Defendants deny that they committed any wrongful acts violating the Plaintiff's rights as the exclusive commercial distributor of the televised fight program and demand strict proof thereof and admit only that Jurisdiction is proper as the claims within Plaintiff's Complaint are based upon Federal law

## VENUE

4. Pursuant to 47 U.S.C. Section 605, venue is proper in the Northern District of Illinois, Eastern Division because a substantial part of the events or omissions giving rise to the claim occurred in this District.

**ANSWER:** The Defendants admit only that the Plaintiff alleges that a substantial part of the events or omissions giving rise to the claims arose in the District which would cause Venue to be proper.

## INTRADISTRICT ASSIGMENT

5. Assignment to the Eastern Division is proper because a substantial part of the events or omissions giving rise to the claim occurred in Moline County.

**ANSWER:** The Defendants have insufficient knowledge and information to either admit or deny whether a substantial part of the events or omissions alleged giving rise to the claim occurred in Moline County.

## THE PARTIES

6. The Plaintiff, J & J SPORTS PRODUCITONS, is and at all relevant times mentioned, was a California corporation with its principal place of business located at 2380 South Bascom Avenue, Suite 200, Campbell, California 95008.

**ANSWER:** The Defendants have insufficient knowledge and information to either admit or deny the allegations contained within paragraph 6 of the Plaintiff's Complaint

7. The Plaintiff is informed and believes and alleges thereon that at the time of the occurrence, that defendant, EL ENCANTO MICHOACANO was a business entity, having its principal place of business at 4228 W. 26th Street, Chicago, Illinois.

**ANSWER:** The Defendants admit only that El Encanto Michoacano, Inc., is an Illinois Corporation that does business in the State of Illinois, County of Cook.

8. The Plaintiff is informed and believes and alleges thereon that defendant, RAFAEL GUZMAN is an individual and the principal, alter ego, officer, director, shareholder, employee, agent, and/or other representative of a business entity EL ENCANTO MICHOACANO.

**ANSWER**: The Defendants admit that the Defendant, Rafael Guzman, Sr., is a shareholder of El Encanto Michoacano, Inc..

## COUNT I

9. Plaintiff, J& J SPORTS PRODUCTION, hereby incorporates by reference all of the allegations contained in paragraphs 1-8, inclusive, as though set forth herein at length.

**ANSWER:** The Defendants incorporate herein all of their answers to paragraphs 1 through 8 above as their answers to paragraphs 1-8 of Count I.

10. By contract, Plaintiff, J&J SPORTS PRODUCTION, paid for and was thereafter granted the exclusive nationwide television distribution rights to *"Danger Zone": The Oscar De La Hoya v. Ricardo Mayorga Championship Fight Program,* which took place May 6, 2006 (this included all under–card bout and fight commentary encompassed in the television broadcast of the event, hereinafter referred to as the "Program").

**ANSWER:** The Defendants have insufficient knowledge and information to either admit or deny the allegations contained within paragraph 10 of Count I of the Plaintiff's Complaint.

11. Pursuant to contract J&J SPORTS PRODUCTION, entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the States of Illinois, by which it granted these entities limited sublicensing rights, specifically the rights to publicly exhibit the Program to the patrons within their respective establishments (i.e., hotels, racetracks, casinos, bars, taverns, restaurants social clubs, etc.).

**ANSWER:** The Defendants have insufficient knowledge and information to either admit or deny the allegations contained within paragraph 11 of Count I of the Plaintiff's Complaint.

12. As a commercial distributor of sporting events, including the Program, Plaintiff J&J SPORTS PRODUCTIONS expended substantial monies marketing, advertising, promoting, administering and transmitting the Program to its customer, the aforementioned commercial entities.

**ANSWER**: The Defendants have insufficient knowledge and information to either admit or deny the allegations contained within paragraph 12 of Count I of the Plaintiff's Complaint.

13. With full knowledge that the Program was not to be intercepted, received and exhibit by entities unauthorized to do so, each and every of the above named defendants and/or their agents, servants, workmen or employees did unlawfully publish, divulge and exhibit the Program at the time of its transmission at the addresses of their respective establishments, as indicated above. Said unauthorized interception, publication, exhibition and divulgence by each of the defendants was done willfully and for purposes of direct or indirect commercial advantage or private financial again

**ANSWER:** The Defendants deny the allegations made within paragraph 13 of Count I of the Plaintiff's Complaint and demand strict proof thereof.

14. 47 U.S.C. Section 605, et seq., prohibits the unauthorized publication or used of communications (such as the transmission for which Plaintiff had the distribution rights thereto).

**ANSWER:** The Defendants admit only that 47 U.S.C. Section 605, et. seq. prohibits publication or use of certain communications but has insufficient information to either admit or deny whether the Plaintiff had the right to distribute any such communications.

15. By reason of the aforesaid mentioned conduct, the aforementioned defendants, and each of them, violated 47 U.S.C. Section 605, et seq.

**ANSWER:** The Defendants deny the allegations contained within paragraph 15 of Coutn I of the Plaintiff's Complaint and demand strict proof thereof.

16. By reason of the defendants' violation of 47 U.S.C. Section 605, et seq., Plaintiff J&J SPORTS PRODUCTIONS, has the private right of action pursuant to 47 U.S.C Section 605.

**ANSWER:**

5

17. As the result of the aforementioned defendant's violation of 47 U.S.C. Section 605, and pursuant said Section 605, Plaintiff J&J SPORTS PRODUCTIONS, is entitled to the following from each defendant:

   (a) Statutory damages for each willful violation in an amount of $100,000.00 pursuant to 47 U.S.C.605(e)(3)(C)(ii);

   (b) Statutory damages in the amount of Ten Thousand Dollars pursuant to 47 U.S.C.605(e)(3)(i)(II); and

   (c) The recovery of full costs, includimg reasonable attorneys' fees pursuant to 47 U.S.C. Section 605(e)(3)(B)(iii).

**ANSWER:** The Defendants deny that they violated any law alleged to have been violated and further deny the remaining allegations contained within paragraph 17 of Count I of the Plaintiff's Complaint.

## COUNT II

18. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-17, inclusive, as though set for herein at length.

**ANSWER:** The Defendants hereby incorporate all of their answers to paragraphs 1 through 17 above as their answers to paragraphs 1 through 17 of Count II.

19. The unauthorized interception, exhibition publication and divulgence of the Program by each of the above-named defendants are prohibited by 47 U.S.C. Section 553 et seq. .

**ANSWER:** The Defendants admit only that 47 U.S.C. Section 553 prohibits the interception,exhibition, publication and divulgence of certain communications but denies that they committed such prohibited acts and demand strict proof thereof.

20. By reason of the aforesaid mentioned conduct, the aforementioned defendants, and each of them, violated 47 U.S.C Section 553, et seq.

**ANSWER:** The Defendants deny that they committed the conduct in the manner that the Plaintiff alleges and, therefore, deny the remaining allegations of paragraph 20 of Count II of the Plaintiff's Complaint.

21. By reason of the defendants' violated of 47 U.S.C. Section 553, et seq., J&J SPORTS PRODUCTIONS, has the private right of action pursuant to 47 U.S.C. Section 553.

**ANSWER:** The Defendants deny that the violated any law in the manner alleged by the Plaintiff and, therefore, deny the remaining allegations of paragraph 21 of Count II of the Plaintiff's Complaint.

22. As the result of the aforementioned defendants' violation of 47 U.S.C. Section 553 and pursuant to said section 553, Plaintiff is entitled to the following to each defendant:

   a) Statutory damages in the amount of Ten Thousand Dollars ($10,000.00) pursuant to 553 (c)(3)(A)(ii);

   (b) Statutory damages for willfulness in the amount of Fifty Thousand Dollars ($50,000.00), pursuant to 553 (c)(3)(B);

   (c) Full costs and expenses of this action, including reasonable attorney's fees, pursuant to 553 © (2)

**ANSWER:** The Defendants deny that they violated any law in the manner alleged by the Plaintiff and, therefore, deny the remaining allegations of paragraph 22 of Count II of the Plaintiff's Complaint.

23. Plaintiff hereby incorporates by reference all of the allegations contained in paragraph 1-22 inclusive, as though set forth herein at length.

**ANSWER:** The Defendants incorporate herein their answers to paragraphs 1 through 22 above as their answers to paragraphs 1 through 22 of Count III of the Plaintiff's Complaint.

24. By its acts as aforesaid in interception, exhibiting, and divulging the Program at the above-captioned address, the aforementioned defendants, and each of them, tortuously obtained possession of the Program and wrongfully converted into its own use and benefit.

**ANSWER:** The Defendants deny that they committed any unlawful acts in the manner alleged by the Plaintiff and, therefore, deny the remaining allegations contained within paragraph 24 of Count III of the Plaintiff's Complaint.

25. The aforesaid acts of each of the defendants were willful, malicious and intentionally designed to harm the Plaintiff J&J SPORTS PRODUCTIONS and to subject said Plaintiff to economic distress.

**ANSWER:** The Defendants deny that they committed any unlawful acts in the manner alleged by the Plaintiff and, therefore, deny the remaining allegations contained within paragraph 25 of Count III of the Plaintiff's Complaint.

26. Accordingly, Plaintiff is entitle to both compensatory, as well as punitive damages from each of the aforementioned defendants as the result of the defendants' egregious conduct and conversation.

**ANSWER:** The Defendants deny the allegations contained within paragraph 26 of Count III of the Plaintiff's Complaint.

Wherefore, the Defendants, Rafael Guzman, Sr. and El Encanto Michoacano, Inc. ("Improperly sued as El Encancto Michoacano") pray that this Court enter Judgment their favor and against the Plaintiff, for costs, and for any other relief this Court deems just.

Respectfully submitted;

**RAFAEL GUZMAN, and El Encanto Michoacano, Inc. (Improperly sued as a d/b/a of El Encanto Michoacano)**

BY: __s/Pedro Cervantes__
      One of Its Attorneys

TGC Partners
11 East Adams Street, Suite 1100
Chicago, IL 60603
(312) 345-9200
Atty. No. 42956